1  **PHILIP A DeMASSA**
2  **PHILIP A. DeMASSA APC**
   **SBN 47667**
3  **2356 Moore Street, Suite 101**
   **San Diego, California 92110**
4  **Telephone: (619) 294-2777**
   **Facsimile: (619) 294-2120**
5  **pad_jefe@msn.com**
   Attorney for Defendant
6  ARAM PETROSIAN

7

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,      )   Case No: 11CR00072 DDP 20
                                  )   SECOND
12         Plaintiff,             )   ADDENDUM TO APPLICATION
                                  )   FOR REVIEW/RECONSIDERATION
13     v.                         )   SETTING CONDITIONS OF
                                  )   RELEASE/DETENTION AND
14 ARAM PETROSIAN,      20        )   REQUEST FOR HEARING
                                  )
15         Defendant.             )
   _____)
16

17      Defendant Aram Petrosian, by and through his attorney Philip

18 A. DeMassa, of Philip A. DeMassa APC submits the following Second

19 Addendum in support of his Application for Review/Reconsideration

20 Setting Conditions of Release/Detention and Request for Hearing

21 before the District Court.

22      Defendant previously sought a review/reconsideration of bail

23 before Magistrate Judge Charles F. Eick. Judge Eick denied bail on

24 July 22, 2011.  The first Application and Addendum submitted to

25 Judge Eick [Docket 1124] is submitted as Exhibit 1 to this

26 Application.  Several matters have occurred since July 22.

27      At the July 22 hearing, although defendant's counsel had

28 stated in that application that at the initial bail hearing he had

                SECOND ADDENDUM TO APPLICATION FOR REVIEW          - 1 -

1   not argued or presented any bail information February 16,2011,

2   Judge Eick, who heard that matter, reviewed the tape and found that

3   information and argument had occurred.   Present counsel was not

4   counsel of record at that time.

5   At the hearing on July 22, in response to defendant's claim to

6   Pretrial that he was no longer a member of the Armenian Power gang,

7   the Government submitted a photograph showing defendant to have

8   various tattoos, notably one with the words "Armenian Power"

9   displayed on his torso.   The Government's presentation was to show

10   that defendant recently acquired that tattoos and therefore was

11   wrong to claim he no longer was a gang member.   Defendant was

12   provided the exhibit during the hearing and did not have access to

13   the thousands of pages of discovery which were at his office in San

14   Diego.   Since then, a review of the discovery shows that the

15   tattoos shown in the Government's photographs were applied *before*

16   defendant went to prison on November 10, 1998.   Attached as Exhibit

17   2 is a police Booking and Identification Record for April 30, 1998

18   showing the existence of the "Armenian Power" tattoo at that time.

19   Also attached to Exhibit 2 is the Booking and Identification Record

20   for May 7, 1998 reflecting the existence of all the relevant

21   tattoos.

22   Regarding counts 2 and 3 of the indictment, defendant argued

23   as to his alleged involvement in the kidnaping of "G.A."   that

24   there did not appear to be a victim "G.A." who would claim such

25   status, nor would that person profess to want to cooperate in any

26   way in this case.   Defendant argued at the hearing that

27   conversations with representatives of some of the persons the

28

SECOND ADDENDUM TO APPLICATION FOR REVIEW          - 2 -

Government claimed to be in involved in this alleged incident, and conversations with "G.A."'s attorney, supported this belief.  At the hearing before Judge Eick, the Government, while not disputing defendant's assertions,  carefully argued that there were other ways to prove the crimes other than relying on the alleged victim. It does not appear there is substantial supporting evidence to support counts 2 and 3.  Further, not to present the putative victim would deny defendant the ability to explore whether any kidnaping actually occurred, whether there existed a debt between some of the parties and the activities involved obtaining payment on the debt.

Regarding counts 38 to 69 and 7 to 95 of the indictment, defendant alleged in the original Addendum the dollar loss was $13,00; in actuality the loss alleged was $11,800.  Whatever that loss, the loss attributed to defendant's conduct is substantially less than the loss attributed to co-defendants in other counts. Although the indictment is somewhat unwieldy, an attempt has been made to set forth its dollar loss allegations against defendants other than Aram Petrosian.  Attached hereto as Exhibit 3 is a chart summary showing substantially greater dollar losses than those alleged against Mr. Petrosian.[1]  For instance, the chart shows in

---

[1] Defendant is alleged to be involved in the kidnap/extortion counts 2 and 3 with a $400,000 loss.  However, there is no victim to affirm this loss, or, whether any money paid was regarding a previously owed debt.  Further, any money paid did not go to Aram Petrosian.  Finally, as to intercepted conversations, Petrosian is heard on a few occasions.  The Government alleges that Petrosian used his cell phone but other persons used it; there is a dispute as to whether he was present when conversations occurred.  After his arrest, when interviewed by agents, Mr. Petrosian listened to some of the calls and denied that the voice was his.

SECOND ADDENDUM TO APPLICATION FOR REVIEW          - 3 -

count 4, the extortion of M.M., that $195,500 may have been demanded but $8,400 was paid. As to counts 6 to 9, bank fraud targeting P.J.C., it is unclear what the dollar loss is but could be $17,135. As to counts 12 to 13, bank fraud targeting G.F., the dollar loss may be $149,400, or less, depending on whether some of the funds are double counted. As to counts 14 to 16 and 17 to 18, bank frauds targeting Y.G. and F.D. and M.D., the loss may be $237,907. Count 115, the marijuana conspiracy, alleged a $20,000 purchase and a value of $450,000. Defendant is not mentioned in these activities.

Finally, on July 27, 2011 the Government filed a first superseding indictment alleging in count 138 that on February 16, 2011 defendant, a convicted felon, possessed 44 rounds of ammunition in violation of 18 U.S.C. § 922(g)(1).[2] This ammunition was found at the residence where defendant was arrested, 615 Sinclair Avenue in Glendale. However, defendant gave a different address where he lived, 1927 N. Mariposa Ave. in Hollywood.

Mr. Petrosian is willing to abide by any other terms and conditions of pre-trial release including wearing an electronic monitor, being allowed to travel to work, pretrial supervision and drug testing. Defendant asks that bail be set as prayed for.

///

///

///

---

[2] Defendant Aram Petrosian is not charged in counts 96 to 137 and 139, but is mentioned in three of the eleven forfeiture allegations.

SECOND ADDENDUM TO APPLICATION FOR REVIEW          - 4 -

1

2  Dated:      August 15, 2011          Respectfully submitted,

3
                                          s/Philip A. DeMassa
4                                       PHILIP A. DeMASSA
                                        Attorney for Defendant
5                                       ARAM PETROSIAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND ADDENDUM TO APPLICATION FOR REVIEW          - 5 -

1

2                     **UNITED STATES DISTRICT COURT**

3                     **CENTRAL DISTRICT OF CALIFORNIA**

4

5    UNITED STATES OF AMERICA,        )   CASE NO. 11CR0072-DDP
                                      )
6                                     )
                 Plaintiff,           )   CERTIFICATE   OF   SERVICE
7                                     )
        v.                            )
8                                     )
     ARAM PETROSIAN (20),             )
9                                     )
                 Defendant.           )
10   _____ )

11      I HEREBY CERTIFY THAT:

12      I, PHILIP A. DeMASSA, am a citizen of the United States and
     am at least eighteen years of age.  My business address is 2356
13   Moore Street, Suite 101, San Diego, CA 92110.

14      I am not a party to the above-entitled action. I have caused
     service of the Application for Review/Reconsideration of Order
15   Setting Conditions of Release/Detention and Second Addendum to
     same to the following parties by electronically filing the
16   foregoing with the Clerk of the District Court using its ECF
     System which electronically notifies them:
17
        1.   AUSA E. Martin Estrada
18
        2.   Andre Goulart, Pretrial Services, U.S. Probation Office
19
        I hereby certify that I have caused to be mailed the
20   foregoing by the United States Postal Service, to the following
     non-ECF participant(s) in this case:
21
        1.   None
22
        I declare under penalty of perjury under the laws of the
23   State of California that the foregoing is true and correct.

24   Executed on August 15, 2011

25                                      s/Philip A. DeMassa
                                      PHILIP A. DeMASSA
26                                    Attorney for Defendant
                                      ARAM PETROSIAN
27

28
                          CERTIFICATE OF SERVICE